NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**APPLIED PREDICTIVE TECHNOLOGIES, INC.,**
*Plaintiff-Appellant*

**v.**

**MARKETDIAL, INC., JOHN M. STODDARD, AKA JOHNNY STODDARD, MORGAN DAVIS,**
*Defendants-Appellees*

---

2024-1751

---

Appeal from the United States District Court for the District of Utah in No. 2:19-cv-00496-JNP, Judge Jill N. Parrish.

---

Decided:  January 28, 2026

---

DAVID GOROFF, Foley & Lardner LLP, Chicago, IL, argued for plaintiff-appellant.  Also represented by PAVAN KUMAR AGARWAL, ERIC SOPHIR, Washington, DC; SPENCER HAMILTON, Dentons US LLP, Dallas, TX; NICHOLAS HUNT JACKSON, KIRK ROBERT RUTHENBERG, Washington, DC.

KEITH ANSON CALL, Spencer Fane LLP, Salt Lake City, UT, argued for defendants-appellees.  Also represented by RODNEY PARKER, ANDREW L. ROTH.

2 APPLIED PREDICTIVE TECHNOLOGIES, INC. v. MARKETDIAL, INC.

---

Before PROST, CHEN, and STARK, *Circuit Judges.*

PROST, *Circuit Judge.*

Applied Predictive Technologies, Inc. ("APT") appeals a decision of the U.S. District Court for the District of Utah granting summary judgment in favor of MarketDial, Inc. ("MarketDial"), John M. Stoddard, and Morgan Davis (collectively, "Appellees") regarding APT's trade-secret misappropriation claims. J.A. 1–39 (filed under seal). APT also appeals the district court's decision dismissing its breach-of-contract claim against Mr. Stoddard. *Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264 (D. Utah 2022) ("*Contract Decision*"). For the reasons below, we affirm.

## BACKGROUND

APT is a business analytics company serving customers in a variety of industries including retail, financial services, and consumer packaged goods. APT owns and licenses its predictive business analytics software, Test & Learn ("T&L"), for the design and analysis of business experiments. In 2015, Mr. Stoddard worked for the consulting firm McKinsey & Company, Inc. ("McKinsey") and was part of a team tasked with evaluating different software including APT's T&L to determine their potential value to McKinsey's clients. Mr. Davis worked for the consulting firm Boston Consulting Group. Both Mr. Stoddard and Mr. Davis had employee agreements with their respective consulting firms that governed the confidentiality of their firms' client information. While at McKinsey, Mr. Stoddard shared APT's documents with Mr. Davis. Mr. Stoddard and Mr. Davis co-founded MarketDial and left their respective consulting firms. MarketDial is a predictive business analytics company that competes directly with APT.

In 2018, APT sued MarketDial and Mr. Stoddard in the U.S. District Court for the District of Utah for various claims including patent infringement and trade-secret misappropriation.  APT added Mr. Davis as a defendant and included breach-of-contract and tort claims in its Third Amended Complaint.  The district court granted Appellees' motions to dismiss and dismissed all claims except the trade-secret misappropriation claims.  In dismissing APT's breach-of-contract claim against Mr. Stoddard, the district court concluded that APT "failed to establish that it was a third-party beneficiary of Stoddard's Employee Agreement." *Contract Decision*, 598 F. Supp. 3d at 1276.

APT brought its trade-secret misappropriation claims under both the federal Defend Trade Secrets Act ("DTSA") and the Utah Uniform Trade Secrets Act ("UUTSA").  APT alleged fourteen different categories of information as its trade secrets, including its Standard Deployment Guide ("SDG"), Partner Capabilities Briefing ("PCB"), and customized data feeds.  J.A. 7.  The district court determined that APT failed to sufficiently identify and define its alleged trade secrets and failed to provide sufficient evidence that they derive independent economic value from not being generally known or readily ascertainable, as required by both the DTSA and UUTSA.  J.A. 19–20.  The court therefore granted summary judgment in favor of Appellees. J.A. 38.

APT timely appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

"We review a district court's grant of summary judgment according to the law of the regional circuit." *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1358 (Fed. Cir. 2020).  The Tenth Circuit reviews "de novo a district court's grant of summary judgment." *Double Eagle Alloys, Inc. v. Hooper*, 134 F.4th 1078, 1086 (10th Cir. 2025).  We also "apply the law of the regional circuit to

4 APPLIED PREDICTIVE TECHNOLOGIES, INC. v. MARKETDIAL, INC.

review a district court's grant of a motion to dismiss." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360 (Fed. Cir. 2023). The Tenth Circuit reviews a district court's ruling on a motion to dismiss de novo. *Johnson v. Smith*, 104 F.4th 153, 167 (10th Cir. 2024).

To establish a claim for trade-secret misappropriation under either the DTSA or UUTSA, a plaintiff must show "the existence of a trade secret." *Double Eagle Alloys*, 134 F.4th at 1087 (applying DTSA and the Oklahoma Uniform Trade Secrets Act); *Bimbo Bakeries USA, Inc. v. Sycamore*, 39 F.4th 1250, 1261 (10th Cir. 2022) (applying UUTSA). For information to qualify as a trade secret under either the DTSA or UUTSA, the information must, among other things, derive independent economic value "from not being generally known to, and not being readily ascertainable through proper means by," others who can obtain economic value from its disclosure or use. 18 U.S.C. § 1839(3)(B); Utah Code § 13-24-2(4)(a). Proper means for ascertaining information that may otherwise constitute a trade secret include "reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6)(B).

On appeal, APT raises two main arguments. First, APT argues that the district court erred in granting Appellees' summary-judgment motion. APT contends that it demonstrated that its SDG, PCB, and customized data feeds are trade secrets under the trade-secret statutes. Second, APT argues that the district court erred in dismissing its breach-of-contract claim against Mr. Stoddard. APT asserts that it was an intended beneficiary of the agreement between Mr. Stoddard and McKinsey. We address each argument in turn.

I

We agree with the district court's conclusion that APT failed to sufficiently identify and define its alleged trade secrets under the statutory definition. Specifically, APT's

response to Appellees' interrogatories and APT's opposition to Appellees' summary-judgment motion failed to identify and define its alleged trade secrets "in a manner that allows the fact-finder to determine if a trade secret exists under the statute." *Bimbo Bakeries*, 39 F.4th at 1261–62 (quoting *USA Power, LLC v. PacifiCorp*, 372 P.3d 629, 649 (Utah 2016)). We agree with the district court's determinations for three main reasons. First, APT's response to Appellees' interrogatories provided cursory, high-level descriptions of different categories or sources of information without more. J.A. 20. Second, APT stated that its alleged trade secrets are compilations, but it failed to provide sufficient definition for a fact-finder to discern whether they derive independent economic value from not being generally known or readily ascertainable, as required by the DTSA and UUTSA. *Id.*; *see Double Eagle Alloys*, 134 F.4th at 1092 ("[Plaintiff] claims that its specifications as a whole qualify as trade secrets . . . But [plaintiff] provides no evidence or argument . . . that its customers' specifications are not readily ascertainable."). Third, the materials and testimony cited in APT's opposition memorandum did not sufficiently identify and define the alleged trade secrets to meet the statutory definition. *See, e.g.*, J.A. 25 n.13, 29 n.18, 36 n.28.

APT argues that the district court erroneously disregarded that under Utah law, a plaintiff is not required to identify its trade secret with particularity. Appellant's Br. 64. We disagree. The district court emphasized that it did not rely on the particularity requirement. J.A. 23–24. Even under Utah law, plaintiffs must still sufficiently identify and define their trade secrets. *See USA Power,* 372 P.3d at 649 ("[Plaintiff] is correct that there is no 'particularity' requirement in the UUTSA. The trade secret at issue, however, must be defined in a manner that allows the fact-finder to determine if a trade secret exists under the statute."). APT further argues that it did not have the burden at summary judgment to show that its claimed trade

secrets were not generally known or readily ascertainable. Appellant's Br. 56–57. We disagree. At summary judgment the plaintiff is required to sufficiently identify and define its alleged trade secret such that the fact-finder can discern whether it meets the statutory definition. *See, e.g.*, *Double Eagle Alloys*, 134 F.4th at 1097 (affirming summary judgment against plaintiff by concluding that "[w]ithout additional evidence, [plaintiff failed] to present a triable issue on whether the [alleged trade secrets] qualify as trade secrets"). APT also argues that the district court erroneously ignored evidence included in its opposition memorandum that relied on more than 200 exhibits. Appellant's Br. 45; Reply Br. 2. Again, we disagree. The district court addressed exhibits cited by APT, *see, e.g.*, J.A. 25 n.13, and noted that APT's opposition memorandum consisted of long string cites lacking explanatory parentheticals or identifiable structure. J.A. 20. The district court correctly determined that it is not enough for APT to include volumes of expert reports, technical documents, and other materials and expect the court to assemble the bits and pieces together. J.A. 21–22; *see Traxcell Techs., LLC v. Sprint Commc'ns Co.*, 15 F.4th 1121, 1131 (Fed. Cir. 2021) (affirming summary judgment where plaintiff cited to a "long list of various types of data" but "didn't link its citations . . . and left its evidence unexplained" (cleaned up)); *Double Eagle Alloys*, 134 F.4th at 1089 ("It is inadequate for plaintiffs to cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information." (cleaned up)).

Accordingly, we affirm the district court's summary judgment decision.

## II

We also agree with the district court's conclusion that APT failed to establish that it was an intended beneficiary of Mr. Stoddard's agreement with McKinsey. Under Utah law, "[a] third party may claim a contract benefit only if the

parties to the contract clearly express an intention 'to confer a separate and distinct benefit' on the third party." *Bybee v. Abdulla*, 189 P.3d 40, 49 (Utah 2008) (quoting *Rio Algom Corp. v. Jimco Ltd.*, 618 P.2d 497, 506 (Utah 1980)). The contract here was an employee-employer agreement between Mr. Stoddard and McKinsey. *See Contract Decision*, 598 F. Supp. 3d at 1270–71. The district court correctly determined that the agreement does not show that Mr. Stoddard and McKinsey conferred a separate and distinct benefit to APT. *Id.* at 1275–76. Accordingly, we affirm the district court's dismissal of APT's breach-of-contract claim against Mr. Stoddard.

## CONCLUSION

We have considered APT's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**